OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant moved pursuant to CPL 30.30 to dismiss the indictment charging him with unauthorized use of a vehicle in the second and third degrees and criminal possession of stolen property in the third and fourth degrees on speedy trial grounds. Defendant argued that the entire period of time between August 20, 1991 — the date of his indictment — and April 2, 1992 — the date defendant was arraigned and the People declared ready — was chargeable to the People because "[d]clays between the indictment and the arraignment, like other court congestion, do not prevent the People from being ready for trial * * *
 
 (People v Correa,
 
 77 NY2d 930).” In response, the People argued, among other things, that defendant’s medical quarantine during the 35-day period between February 27, 1992 and April 2, 1992 rendered him unavailable during that time within the meaning of CPL 30.30 (4) (c) and was also excludable under CPL 30.30 (4) (g) as an "extraordinary circumstance.” Supreme Court denied the motion on the ground that the dispositive 35-day period of defendant’s medical quarantine was excludable as an extraordinary circumstance under CPL 30.30 (4) (g). Citing both CPL 30.30 (4) (c) and (g), the Appellate Division affirmed, concluding that defendant’s quarantine while incarcerated constituted excludable time.
 

 Defendant claims that the motion to dismiss on speedy trial grounds should have been granted because the People’s failure
 
 *1047
 
 to establish that his medical quarantine "caused” or "occasioned” their delay in declaring readiness precluded reliance on subdivision (4) (c) and (g). As the People contend, this argument has not been preserved for our review.
 

 A defendant seeking a speedy trial dismissal pursuant to CPL 30.30 meets his or her initial burden on the motion simply "by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period”
 
 (People v Luperon,
 
 85 NY2d 71, 77-78). However, once the People identify the statutory "exclusions on which they intend to rely,” the defendant preserves challenges to the People’s reliance on those exclusions for appellate review by "identify[ing] any legal or factual impediments to the use of th[o]se exclusions”
 
 (id.).
 
 The purpose of adhering to strict rules of preservation in this context is to provide the court with an "opportunity to remedy the problem and thereby avert reversible error”
 
 (id.).
 

 Notwithstanding defendant’s quotation of general "causation” principles and citation to
 
 People v Correa (supra),
 
 defendant never specifically argued that the respective "unavailability” and "exceptional circumstances” exclusions of subdivision (4) (c) and (g) were unavailable to the People unless they established a causal relationship between defendant’s quarantine and their delayed readiness declaration. In fact, to the extent that defendant raised any "causation” argument before the motion court, it referred generally to the entire stretch of time between his indictment and arraignment, and could not have drawn the court’s attention to the "discrete, legally relevant block[ ] of time” representing the period of his medical quarantine
 
 (People v Luperon,
 
 85 NY2d, at 80,
 
 supra).
 
 Thus, defendant did not alert the court to the present claim that the lack of "causation” was an "impediment” to the People’s particular reliance on CPL 30.30 (4) (c) and (g) to exclude that narrow period of confinement
 
 (People v Luperon,
 
 85 NY2d 71, 78,
 
 supra).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.