■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK JOHNSON, Appellant. [648 NYS2d 72] —Judgment, Supreme Court, New York County (Harold Beeler, J., on motion; Dorothy Cropper, J., at trial), rendered June 13, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant's contention that his statutory speedy trial rights were violated is unpreserved, defendant having failed to challenge the court's ruling on the specific grounds he advances on appeal (*People v Goode*, 87 NY2d 1045), and we decline to review it in the interest of justice. Were we to review it, we would find that the People satisfactorily communicated their readiness for trial by mailing the statement of readiness to defense counsel and filing it with the appropriate clerk during the adjournment period after the People had answered not ready for trial but requested a specific adjourned date (*People v Kendzia*, 64 NY2d 331, 337; *see, People v Goss*, 87 NY2d 792, 795, 797). The record is sufficient to establish proper filing of the certificate. Once the People answered ready, they were only chargeable with adjournment periods actually requested by them.

The record reveals that there was no *Antommarchi* violation where defendant was absent during an unrecorded bench conference that was conducted after a prospective juror, who had friends who were police officers, declared in open court that he would "really" have difficulty abiding by the court's instructions regarding assessing the credibility of police officers. The record supports the conclusion that the juror was discharged for cause, on consent by the parties.

We perceive no abuse of discretion in sentencing. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Andrias, JJ.