■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. TONY MAYFIELD, Appellant, v RALPH McGRANE, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY MAYFIELD, Appellant. [650 NYS2d 684] —Judgment, Supreme Court, New York County (Herbert Adlerberg, J., on speedy trial motions; Charles Tejada, J., at jury trial and sentencing), rendered June 20, 1994, convicting defendant of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and resisting arrest, and sentencing him, as a second felony offender, to concurrent terms of $4^1/_2$ to 9 years, $4^1/_2$ to 9 years and time served, respectively, unanimously affirmed. Judgment, Supreme Court,

New York County (Brenda Soloff, J.), entered March 24, 1994, dismissing defendant's application for a writ of habeas corpus, unanimously affirmed, without costs.

We conclude, based on our examination of the entire record including minutes submitted to this Court (*see, People v Mc-Neil*, 222 AD2d 612, *lv denied* 87 NY2d 975), that defendant's motions for dismissal pursuant to CPL 30.30, and his application for a writ of habeas corpus on the same ground, were properly denied, since the People announced their readiness for trial within six months or 182 days, plus any periods of excludable time. The period between November 30, 1992 and December 29, 1992 was properly excluded pursuant to CPL 30.30 (4) (b) since, in connection with defense counsel's request to be relieved, the court set an adjourned date, to which both defense counsel and the prosecutor agreed. Further, the period between February 24, 1993 and March 3, 1993 was excludable under CPL 30.30 (4) (a) (*People v Taylor*, 217 AD2d 404, *lv denied* 87 NY2d 851). The adjournment from March 3, 1993 through March 15, 1993 was likewise excludable under CPL 30.30 (4) (a) (*People v Douglas*, 209 AD2d 161, 162, *lv denied* 85 NY2d 908). With respect to the period of March 15, 1993 through March 30, 1993, this period was excludable since defense counsel specifically requested an adjournment (CPL 30.30 [4] [b]; *People v Worley*, 66 NY2d 523; *People v Cambridge*, 230 AD2d 649). Further, the period from July 8, 1993 through August 3, 1993 was properly excluded since the People were entitled to a reasonable time to prepare for the hearing and trial after the court granted defendant's motion for a *Mapp* hearing (*People v Green*, 90 AD2d 705). The People were properly charged for only 10 days of the period from November 12, 1993 to November 29, 1993. In this regard, the People requested an adjournment to November 22nd, and the court adjourned the matter to November 29th. Since the People had already announced their readiness for trial, the period of delay after November 22nd, due to the unavailability of the court, was not chargeable to the People (*People v Rivera*, 223 AD2d 476, *lv denied* 88 NY2d 852). Concur—Milonas, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.