■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE REYES, Appellant. [658 NYS2d 273] —Judgment, Supreme

Court, New York County (Herbert Adlerberg and Harold Beeler, JJ., on speedy trial motions; Daniel FitzGerald, J., at jury trial and sentence), rendered September 15, 1994, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

Defendant's speedy trial motions were properly denied. We agree with the Supreme Court that the 13 day period from May 19, 1993 to June 1, 1993 was includable based on the People's failure to provide the minutes of the Grand Jury proceeding within the extensive time period provided by the court (*see, People v Harris*, 82 NY2d 409; *People v McKenna*, 76 NY2d 59). The People were also properly charged with the periods representing adjournments specifically requested by them and excluded the additional adjournment periods requested by defendant after the People announced their readiness for trial (*People v Johnson*, 232 AD2d 173, *lv denied* 89 NY2d 924; *People v Cajigas*, 224 AD2d 370, *lv denied* 88 NY2d 845). Although defendant contends that the People's certificate of readiness was illusory and that the adjournments in question should be considered prereadiness, rather than postreadiness, adjournments, since he failed to raise this contention before the Supreme Court, the issue has not been preserved for appellate review (CPL 470.05 [2]; *People v Goode*, 87 NY2d 1045), and we decline to review it in the interest of justice. Were we to review it, we would find no merit to defendant's contention that the certificate of readiness was illusory. Moreover, the prosecutor's sworn affirmation submitted in opposition to defendant's speedy trial motion, which was not challenged by defendant, sufficiently established the reason for the additional one day adjournment to August 10th (*see, People v DeLaRosa*, 236 AD2d 280). Since defendant failed to challenge the prosecutor's assertion that it was defendant who requested the adjournment to October 14th for the reassignment of defense counsel, defendant's current challenge to the court's finding that this time was excludable has not been preserved for appellate review (CPL 470.05 [2]; *People v Goode, supra*), and we decline to review it in the interest of justice. In any event, the period was properly excluded (*see, People ex rel. Mayfield v McGrane*, 234 AD2d 88). Since the People are entitled to a reasonable period to respond to defense motions (*People v Brown*, 227 AD2d 237; *People v Inswood*, 180 AD2d 649, *lv denied* 79 NY2d 1002) and since one of the postreadiness adjournments was at the court's direction for the purpose of conducting a pretrial conference (*People v Ali*, 195 AD2d 368, 369, *lv denied* 82 NY2d 804), these disputed time periods were also properly excluded.

The trial court properly exercised its discretion in rendering a *Sandoval* ruling permitting limited inquiry into only two of defendant's numerous prior convictions, despite the similarity of those crimes to the one with which defendant was charged in the instant case, since those crimes demonstrated his willingness to put his own interests above those of society (*People v Pavao*, 59 NY2d 282, 292).

Since defense counsel did not object to the court's opening remarks, defendant's current contention that these remarks deprived him of a fair trial has not been preserved for appellate review as a matter of law (CPL 470.05 [2]), and we decline to review it in the interest of justice. In any event, viewing the court's instructions as a whole (*People v Coleman*, 70 NY2d 817), they conveyed the proper principles of law and did not have the effect of improperly shifting the burden of proof (*People v Concepcion*, 228 AD2d 204, *lv withdrawn* 88 NY2d 982). Concur—Ellerin, J. P., Nardelli, Rubin and Williams, JJ.