■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL DOCKERY, Appellant. [708 NYS2d 620] —Judgment, Supreme Court, New York County (Colleen McMahon, J.), rendered May 21, 1997, convicting defendant, after a jury trial,

of assault in the second degree and criminal possession of a weapon in the third degree (two counts), and sentencing him, as a persistent violent felony offender, to concurrent terms of 10 years to life, 8 years to life and 8 years to life, respectively, unanimously affirmed.

By objecting on a different ground than those raised on appeal, defendant has failed to preserve for appellate review his contentions with respect to the court's supplemental acting in concert charge (*see, People v Karabinas*, 63 NY2d 871, *cert denied* 470 US 1087), and we decline to review them in the interest of justice. Were we to review such claims, we would find that since the indictment charged both defendant and his codefendant with the crimes herein and since the evidence at trial supported an acting in concert charge, the court properly provided such a charge, which was a meaningful response to a note from the deliberating jury. There is no legal distinction between liability as a principal or accomplice (*see, People v Rivera*, 84 NY2d 766; *People v Duncan*, 46 NY2d 74, *cert denied* 442 US 910). Furthermore, the People's opening and closing arguments did not limit their theory of prosecution (*see, People v Bess*, 107 AD2d 844, 846), and the court's charge caused no prejudice to defendant in light of the nature of his defense, which was that both he and his codefendant were innocent.

Defendant's claim that the court should have granted his request for submission of a lesser included offense is unpreserved and abandoned, since, after the court tentatively agreed that such charge would be appropriate but expressed a desire to mull over the prosecutor's objections, there was no further discussion of the matter and defendant expressed no dissatisfaction with the charge (*see, People v Whalen*, 59 NY2d 273, 280; *People v Lipton*, 54 NY2d 340, 351; *People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800; *compare*, CPL 300.10 [5]; *People v Leisner*, 73 NY2d 140, 147-148). We decline to review this claim in the interest of justice. Were we to review such claim, we would find that, viewing the evidence in a light most favorable to defendant, no reasonable view thereof supported a finding that he committed the lesser, but not the greater offense (*People v Scarborough*, 49 NY2d 364). Concur—Nardelli, J. P., Tom, Rubin, Andrias and Buckley, JJ.