■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO DIAZ, Appellant. [713 NYS2d 318] —Judgment, Supreme Court, New York County (Bonnie Wittner, J., on speedy trial motion; Michael Corriero, J., at jury trial and sentence), rendered September 12, 1997, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed. The matter is remanded to Supreme Court, New York County for further proceedings pursuant to CPL 460.50.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490). Viewed in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620), the evidence supports the view that defendant actively participated in the drug transaction by issuing directions to the undercover officers intended to facilitate an undetected sale and by requesting, at the behest of the seller, confirmation from the undercover officers that they had previously purchased drugs in the area. The credibility issues created by the trial testimony were properly left for the jury to resolve (*People v Vincent*, 231 AD2d 444, *lv denied* 89 NY2d 931, *lv denied sub nom. People v Jumont*, 89 NY2d 925).

Defendant's claim that he was denied a speedy trial is without merit since, upon calculation of the excludable time, the People are chargeable with only 155 days. Initially it should be noted that a two-day error was made in the calculation performed in the motion court since the accusatory instrument was filed against defendant on July 28, 1995, not July 26, 1995. Thus, the People are chargeable with only 83 days for the period from July 28 to October 19, 1995. Defendant's challenge to the exclusion of the 14-day period from October 19, 1995 to November 2, 1995 has not been preserved for appellate review since the defendant failed to raise the claim in the motion court (*People v Goode*, 87 NY2d 1045). However, were we were to review the claim, we would find it to be without merit since the delay in question was occasioned by the actions of defendant's co-defendant (*see*, CPL 30.30 [4] [d]). Also unpreserved for appellate review is defendant's challenge to the

exclusion of the period of delay from November 24, 1995 to December 8, 1995 (*People v Goode, supra*). Were we to review the matter, however, we would find the time excludable pursuant to CPL 30.30 (4) (a) as a reasonable adjournment for the purpose of filing pre-trial motions. Although currently contested, exclusion of the period between January 19, 1996 and February 16, 1996 was not contested in the motion court where defendant, in fact, conceded that this time was excludable. In any event, even if it had been preserved, defendant's current claim would be without merit. The motion court decided the pre-trial motions by decision dated January 19, 1996 and the People were entitled to a reasonable time thereafter to prepare for hearings and trial (*People ex rel. Mayfield v McGrane*, 234 AD2d 88, *lv denied* 89 NY2d 814, 1038; *People v Rowe*, 227 AD2d 212, *lv denied* 88 NY2d 993). For the period between May 24, 1996 and June 21, 1996, subsequent to the People's declaration of readiness, the People are chargeable only with the 14-day period they requested (*see, People v Tavarez*, 147 AD2d 355, *lv denied* 73 NY2d 1022). Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.