■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON ROEBUCK, Appellant. [719 NYS2d 82] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered February 19, 1997, convicting defendant, after a jury trial, of two counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

We conclude that there was no violation of defendant's speedy trial rights under CPL 30.30.

In this instance, the six-month period for purposes of the statute is 184 days. The period between defendant's initial Criminal Court arraignment on May 13, 1995, and the date of his Supreme Court arraignment on November 9, 1995, is generally chargeable to the People (see, People v Correa, 77 NY2d 930), with certain exceptions. To the extent the adjournments were on the consent of the defense (CPL 30.30 [4] [b]), which in this case applies to the periods from May 18, 1995 to May 30, 1995 and from May 30, 1995 to June 29, 1995, the time is excludable. Moreover, the 61-day period from June 29, 1995, when a warrant was stayed as to co-defendant Notholt, to August 29, 1995, the date to which the matter was adjourned, is also excludable (see, People v Notholt, 242 AD2d 251). Furthermore, the time was tolled by the People's filing of a statement of readiness on October 31, 1995 (see, People v Goss,

87 NY2d 792). Therefore, the total time chargeable to the People for this pre-arraignment period is 68 days.

The hearing court correctly excluded the period from the Supreme Court arraignment on November 9, 1995, when a motion schedule was set, until January 18, 1996, when the decision was rendered with respect to the motions filed by defendant and co-defendant Clarke (see, CPL 30.30 [4] [a]; People v Batts, 227 AD2d 224, lv denied 88 NY2d 964; People v David, 253 AD2d 642, 646, lv denied 92 NY2d 948). In addition, the period from January 18 to February 23, 1996 was excludable as a reasonable time for the People to prepare for hearing and trial (see, People v Diaz, 275 AD2d 652).

While the portion of defendant's omnibus motion seeking dismissal pursuant to CPL 190.50 was ultimately granted on February 23, 1996, with the People granted leave to re-present, the period of time from the making of defendant's omnibus motion on November 14, 1995 to the dismissal on February 23, 1996 is not, as defendant contends, chargeable to the People.

However, the period from February 23, 1996, when the indictment was dismissed under CPL 190.50, until March 22, 1996, when defendant was arraigned on the new indictment, must be charged to the People (see, People v Cortes, 80 NY2d 201, 211-212; People v Worley, 201 AD2d 520). It was their failure to give defendant the opportunity to testify before the Grand Jury that created the delay, so their need for time to re-present the case was caused by their own error. In any event, the People are generally chargeable with the time prior to the defendant's arraignment on the indictment (see, People v Correa, 77 NY2d 930, supra). We reject the People's suggestion that if a defendant who has filed notice under CPL 190.50 ultimately decides not to appear before the Grand Jury, then "bad faith" is shown and the delay through the time of new indictment is excludable. Accordingly, these 28 days of delay are charged to the People.

Neither side disputes the motion court's calculation that for the period from March 22, 1996 to September 18, 1996, when defendant made his second speedy trial motion, the People are chargeable with a total of 43 days.

We therefore conclude that a total of 139 days of pre-trial delay is chargeable to the People, and that consequently no violation of CPL 30.30 has been established.

Defendant's remaining contentions are without merit. Defendant was not entitled to preclusion of testimony based on the loss of a detective's notes. The notes in question did not constitute Rosario material since they were not related to the subject

matter of the detective's direct testimony (*see, People v Whitt-man*, 254 AD2d 32, *lv denied* 93 NY2d 880). Their status was not changed by virtue of defense counsel's decision to elicit testimony about the subject of the notes on cross-examination of the witness (*People v Brown*, 234 AD2d 15, *lv denied* 89 NY2d 984). In any event, the adverse inference charge given was entirely appropriate, particularly given the fact that the missing notes related to items relevant to a possession count which had been dismissed by the prosecution (*People v Sease*, 265 AD2d 176, 176-177, *lv denied* 94 NY2d 829).

Finally, we conclude that the prosecutor's remarks in summation, made in response to defense counsel's challenge to the detective's credibility and recall of detail, did not constitute vouching and were a fair response to the defense summation. Equally proper was the prosecutor's explanation regarding the buy money originally given to the undercover officer. Concur—Andrias, J. P., Lerner, Saxe, Buckley and Friedman, JJ.