■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE OSORIO, Also Known as JOSE OSSORIO, Appellant. [835 NYS2d 82]—

Judgment, Supreme Court, Bronx County (Richard Lee Price, J., at speedy trial motion decided on or about April 28, 2003; Dominic R. Massaro, J., at speedy trial motion decided on or about November 20, 2003, jury trial and sentence), rendered January 5, 2004, convicting defendant of attempted burglary in the second degree and criminal mischief in the fourth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 15 years to life, unanimously affirmed.

On a prior appeal by the People (297 AD2d 231 [2002]), this Court reversed an order that had dismissed the indictment on speedy trial grounds, and we reinstated the indictment. At the outset, we decline to reconsider our determination, made on the prior appeal, that the 12-day period of delay between August 7 and August 19, 1998 was excludable, and we reject defendant's ineffective assistance of counsel claim relating to this issue.

The respective motion courts properly denied defendant's second and third speedy trial motions, addressing postappeal delays. Since the People were required to be ready within 184 days, our finding of 177 days of includable time left the People with an additional 7 days in which to be ready.

The record establishes that the People became aware of our reversal order on August 21, 2002, and declared their readiness on September 4, 2002. We find the prereadiness delay to be excludable because the People could not be expected to be ready instantly and were entitled to a reasonable period of time to contact witnesses and prepare for trial. We have frequently observed that a reasonable period of delay may sometimes result from a proceeding, within the meaning of CPL 30.30 (4) (a), even after the proceeding itself has been completed (see e.g. People v Fleming, 13 AD3d 102 [2004], lv denied 5 NY3d 788 [2005]). We find no basis to conclude that the People's certificate of readiness was ineffective. The People addressed it to an attorney who had appeared for defendant in Supreme Court on multiple occasions. Although a different attorney was apparently assigned as trial counsel, both attorneys were employed by the same institutional defender at the same address, and there is no evidence that the People acted in bad faith (see People v Vaughn, 36 AD3d 434 [2007]).

The People were continuously ready from September 4, 2002 until January 8, 2003, and all that time was excludable, notwithstanding defendant's absence from court. Defendant had been at liberty during the pendency of the People's appeal from the dismissal of the indictment, and had been represented

by assigned appellate counsel. The People were under no obligation to inform him of the reinstatement of his indictment, or to take steps to restore the case to the Supreme Court calendar (*People v Carter*, 91 NY2d 795 [1998]). When this Court mailed its reversal order to appellate counsel, when the Supreme Court clerk notified trial counsel of that order, and when the People declared their readiness to trial counsel, each of these events placed defendant on constructive notice that the case was once again pending against him. We find no reason to charge the People with any failure by appellate or trial counsel to maintain contact with a nonincarcerated client during and after an appeal.

The record fails to support defendant's assertion that a period commencing December 6, 2002 was includable as a time in which defendant was incarcerated and should have been produced by the People. While the record does show that defendant was rearrested on an unrelated matter on January 3, 2003 and produced on the instant indictment on January 6, 2003, the People were again entitled to a reasonable period of time, in light of this unexpected development, to contact witnesses and prepare for trial (*see People v Muhanimac*, 181 AD2d 464, 465 [1992], *lv denied* 79 NY2d 1052 [1992]). Nor should the People be charged for the delay caused by defense counsel's failure to appear on January 7, 2003. Even if we were to include the period from January 8, 2003, when the People stated they were not ready for trial, until January 14, 2003, this six-day period, when added to the time found includable on the prior appeal, falls short of entitling defendant to dismissal.

The trial court properly admitted evidence of the testifying victim's statement to the arresting officer explaining why the victim was restraining defendant. This testimony was properly elicited, not for the truth of its contents, but to complete the narrative and to explain the actions of the officer (*see e.g. People v Tosca*, 98 NY2d 660 [2002]; *People v Rivera*, 96 NY2d 749 [2001]). Defendant's constitutional argument regarding this evidence is unpreserved and without merit.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ. [*See* 2 Misc 3d 499 (2003).]