■ The People of the State of New York, Respondent, v Anthony Murry, Appellant. [857 NYS2d 58]—

Judgment, Supreme Court, New York County (Maxwell Wiley and Bruce Allen, JJ., on speedy trial motions; Ruth Pickholz, J., at jury trial and sentence), rendered July 12, 2006, convicting defendant of assault in the second degree, and sentencing him, as a second felony offender and to a term of four years, unanimously affirmed.

Defendant's speedy trial motions were properly denied. The periods from December 18, 2002 to January 15, 2003 and January 27, 2006 to February 10, 2006 were properly excluded because they were "reasonable period[s] of delay resulting from . . . pre-trial motions" within the meaning of CPL 30.30 (4) (a) (*see People v Osorio*, 39 AD3d 400 [2007], *lv denied* 9 NY3d 925 [2007]; *People v Fleming*, 13 AD3d 102 [2004], *lv denied* 5 NY3d 788 [2005]). Defendant's argument regarding the period from June 9, 2003 to June 20, 2003 is unpreserved and we decline to review it in the interest of justice. The period from September 16, 2003 to December 7, 2005 was also properly excluded. During this time, defendant had been deported to Jamaica, a deportation that was ultimately rescinded. Although the People knew that defendant was in Jamaica, they did not know his whereabouts. Since defendant failed to appear for trial and there was an outstanding bench warrant for his arrest, the period is excludable regardless of whether or not the People used due diligence in attempting to locate defendant and return him for trial (*see* CPL 30.30 [4] [c] [ii]). Furthermore, the People were also excused from making a showing of diligence because this period occurred after they had declared their readiness (*see People v Carter*, 91 NY2d 795, 799 n [1998]). We have considered and rejected defendant's procedural arguments regarding our review of these issues. In response to defendant's motions, the People established the necessary facts, including the fact that they had made a valid statement of readiness, and defendant was not deprived of an opportunity to litigate these matters (*compare People v Chavis*, 91 NY2d 500, 506 [1998]). Finally, to the extent that defendant is arguing that, through prompt action, the People could have prevented the deportation from occurring in the first place, that argument rests on speculation. Concur—Mazzarelli, J.P., Andrias, Gonzalez and Acosta, JJ.