*350 OPINION OF THE COURT
Elisa S. Koenderman, J.
The defendant, Neil Prisco, is charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) and two counts of aggravated harassment in the second degree (Penal Law § 240.30 [1] [a], [b]). The defendant moves to dismiss the criminal action against him on the ground that he has been denied his right to a speedy trial pursuant to Criminal Procedure Law § 30.30 (1) (b), alleging that more than 90 days have elapsed since his arraignment. Because the court calculates that more than 90 days are chargeable to the People, the defendant’s motion to dismiss is granted.
Pursuant to CPL 30.30 (1) (b), the People must be ready for trial within 90 days of commencement of a criminal action charging a defendant with a misdemeanor punishable by a sentence of imprisonment of more than three months. Although a criminal action commences when the accusatory instrument is filed, counting for speedy trial purposes starts the following day (see People v Stiles, 70 NY2d 765 [1987]).
Whether the People have satisfied their obligation to be ready under CPL 30.30 is generally determined by calculating the time between the filing of the first accusatory instrument and the People’s declaration of readiness, then subtracting statutorily excludable periods of delay and finally adding any additional delays that transpire after readiness has been declared when such delays are attributable to the People and are ineligible for any exclusions under the statute (see People v Cortes, 80 NY2d 201, 208 [1992]).
For the People to be “ready for trial” under CPL 30.30, they must meet two requirements. First, they must communicate their readiness either on the record in open court or by a written notice simultaneously sent to defense counsel and filed with the court clerk (see People v Kendzia, 64 NY2d 331, 337 [1985]). Second, the People must declare their readiness only when they are presently ready to proceed to trial (see id.).
The People are presently ready to proceed to trial when they “have done all that is required of them to bring the case to a point where it may be tried” (People v England, 84 NY2d 1, 4 [1994]). Trial readiness is established where
“the People have a valid accusatory instrument upon which the defendant may be brought to trial, where the People have complied with their obliga *351 tion to produce for trial a defendant in their custody and where the People have complied with all pending proceedings required to be decided before trial can commence” (People v Caussade, 162 AD2d 4, 8 [2d Dept 1990] [citations omitted]).
Once the People have declared their readiness for trial they have satisfied their obligation under the statute (see People v Giordano, 56 NY2d 524 [1982]) and are not chargeable with any delay in proceeding due to court congestion (see People v Chavis, 91 NY2d 500, 502 [1998]). The People are chargeable only with delay they have caused which “directly implicates [their] ability to proceed with trial” (Cortes, 80 NY2d at 210).
Delays occasioned by adjournments which are requested or consented to by the defendant are not chargeable to the People (see People v Worley, 66 NY2d 523, 525 [1985]; People v Kopciowski, 68 NY2d 615, 617 [1986]). Specifically, the period of delay resulting from a defendant’s pretrial motion and the time during which it is under consideration by the court is excludable as having been “caused by the defendant for his own benefit” (Worley, 66 NY2d at 527; see CPL 30.30 [4] [a]).
On June 9, 2010, the defendant was arraigned on the misdemeanor complaint and the case was adjourned to July 7, 2010 for the People to file and serve a supporting deposition to convert the complaint to an information. The People concede that there are 27 days chargeable to them for this adjournment.
On July 7, 2010, the People filed and served a supporting deposition from the complainant. Nevertheless, the court declined to deem the complaint an information, ruling that the complaint was defective because it was jurisdictionally and facially insufficient. The court adjourned the matter to July 29, 2010 for the People to file a superceding information. Since the People did not have a valid accusatory instrument upon which they could try the defendant (see People v Colon, 59 NY2d 921 [1983]; see also Caussade, 162 AD2d at 8), there are 22 days chargeable to the People for this adjournment.
On July 29, 2010, the People filed and served an amended supporting deposition from the complainant and announced ready for trial. The court set a motion schedule at defense counsel’s request and adjourned the matter to September 24, 2010 for decision. Off calendar on August 18, 2010, the defendant filed a motion to dismiss for facial insufficiency. On September 24, 2010, the People filed and served their affirmation in opposition to the defendant’s motion and the court again *352 adjourned the matter for decision to October 29, 2010. On October 29, 2010, the court adjourned the matter for decision to November 18, 2010. These adjournments are excludable as a period of delay resulting from the defendant’s pretrial motion and the time during which it was under consideration by the court (see CPL 30.30 [4] [a]; see also Worley, 66 NY2d at 525). There are zero days chargeable to the People for this period.
On November 18, 2010, the court rendered a written decision and order finding that the complaint was defective because it was jurisdictionally and facially insufficient. Nevertheless, the court denied the defendant’s motion to dismiss and granted the People leave to file a superceding information. The court then adjourned the case to January 11, 2011 for the People to comply with its decision and order.
The adjournment following a decision on a pretrial motion generally is not chargeable to the People. The rationale underlying the exclusion of this period is that after the court renders a decision on a pretrial motion the People are entitled to a reasonable time to prepare for hearings and/or trial, and that the delay therefore results from motion practice (see People v Wells, 16 AD3d 174 [1st Dept 2005] [adjournment properly excluded as a reasonable time for People to prepare for hearings ordered by the court on pretrial suppression motion]; People v Reed, 19 AD3d 312, 314 [1st Dept 2005]; People v Forbes, 7 AD3d 473, 474 [1st Dept 2004]; People v Fleming, 13 AD3d 102 [1st Dept 2004] [adjournment after court decided defendant’s omnibus motion excludable since People were entitled to a reasonable time to prepare for trial]; People v Rene, 292 AD2d 302 [1st Dept 2002] [adjournment properly excluded under CPL 30.30 (4) (a) as a reasonable period of time for the People to prepare for the newly ordered hearing]; People v Hayes, 291 AD2d 334, 334-335 [1st Dept 2002] [adjournment to prepare for trial after denial of speedy trial motion was reasonable]; People v Roebuck, 279 AD2d 350, 351 [1st Dept 2001]; People v Ailes, 268 AD2d 370 [1st Dept 2000]; People v Diaz, 275 AD2d 652, 653 [1st Dept 2000]; People v Moolenaar, 262 AD2d 60 [1st Dept 1999] [adjournment for People to prepare for suppression hearings after decision on omnibus motion was a reasonable period of delay resulting from motion practice]; People v David, 253 AD2d 642, 645 [1st Dept 1998] [adjournment following court’s decision on motion excludable as a reasonable time for People to prepare for trial]; People v Heine, 238 AD2d 212 [1st Dept 1997] [adjournment properly excluded as a reasonable amount of time to *353 prepare the case following motion practice]; People v Roberts, 236 AD2d 233, 233-234 [1st Dept 1997]; People v Chambers, 226 AD2d 284 [1st Dept 1996]; People v Greene, 223 AD2d 474 [1st Dept 1996] [adjournment after court rendered decision on omnibus motion excludable since prosecution could not be expected to be ready for hearing immediately]; People v Green, 90 AD2d 705, 705 [1st Dept 1982] [adjournment for the People to prepare for pretrial suppression hearing reasonable since the People could “hardly be expected to be prepared for a hearing even before they were aware that the court was ordering one”]; People v Hairston, 242 AD2d 466 [1st Dept 1997]; People v Douglas, 156 AD2d 173 [1st Dept 1989] [adjournment requested by People after denial of speedy trial motion reasonable and not chargeable to them]; accord People v Osorio, 39 AD3d 400, 401 [1st Dept 2007] [period of delay following reversal order excludable since “the People could not be expected to be ready instantly and were entitled to a reasonable period of time to contact witnesses and prepare for trial”]).
Indeed, where the court has ordered a hearing on a defendant’s pretrial suppression motion, the court has determined that it cannot decide the motion until it holds a hearing and makes findings of fact (see People v Taylor, 16 Misc 3d 339, 341-343 [Crim Ct, NY County 2007]). Because the motion therefore remains “under consideration by the court” until the court renders a decision after the hearing, the adjournment for a hearing ordered on a pretrial suppression motion is expressly excludable under the statute (see GPL 30.30 [4] [a]; Taylor, 16 Misc 3d at 341).
In contrast, the defendant’s motion to dismiss in the instant case was plainly decided against the People on November 18, 2010 when the court ruled that the complaint was defective. The ensuing adjournment therefore did not result from motion practice but from the fact that the People did not have a jurisdictionally and facially sufficient information. Since the exclusion of a reasonable period of delay following motion practice for the People to “contact witnesses and prepare for trial” (Osorio, 39 AD3d at 401) presupposes that the People have a valid accusatory instrument upon which to try the defendant, where, as here, the People have no such instrument, there is no justification for such an adjournment. An adjournment to prepare for trial where the People have no valid accusatory instrument upon which to try the defendant is fictitious. *354 To exclude an adjournment following a decision finding the complaint defective serves no purpose other than to afford the People extra time to be ready to which they are not entitled under the statute.
Furthermore, had the court dismissed the complaint (see CPL 170.30 [1] [a]) rather than granted the People leave to supercede it, there is no question that the time would be chargeable to the People until they declared their readiness upon a valid accusatory instrument refiled against the defendant (see People v Nucio, 78 NY2d 102 [1991] [no statutory bar to reprosecution for nonfelony charges which had been dismissed for facial insufficiency]). Simply because the court did not exercise its statutory authority to dismiss the complaint is no reason for a different rule to apply. Regardless of the court’s action, the People had no valid accusatory instrument upon which to try the defendant and therefore could not be ready for trial. Accordingly, there are 54 days chargeable to the People for the adjournment from November 18, 2010 to January 11, 2011 (see Colon, 59 NY2d 921; see also Caussade, 162 AD2d at 8).
On January 11, 2011, the People answered not ready and requested additional time to file a superceding information since they were awaiting receipt of a certified copy of the underlying order of protection from family court. The court ordered the People to file a certificate of readiness off calendar and adjourned the matter to February 17, 2011. On January 31, 2011, the People filed and served a superceding information and certificate of readiness. There are 20 days chargeable to the People for this period.
The defendant filed and served the instant motion to dismiss pursuant to CPL 30.30 off calendar on February 10, 2011. On February 17, 2011, the defendant was arraigned on the superceding information. The court directed the People to respond to the defendant’s motion and adjourned the matter to March 24, 2011 for decision. On March 24, 2011, the People filed and served their affirmation in opposition to the defendant’s motion and the court again adjourned the matter for decision to April 20, 2011. These adjournments are excludable as a period of delay resulting from the defendant’s pretrial motion and the time during which it was under consideration by the court (see CPL 30.30 [4] [a]; see also Worley, 66 NY2d at 525). There are zero days chargeable to the People for this period.
*355 Pursuant to the above analysis, the court finds that 123 days are chargeable to the People to date. Accordingly, because more than 90 days have elapsed since the defendant’s arraignment, the defendant’s motion to dismiss pursuant to CPL 30.30 (1) (b) is granted.