People v Justice A. (2022 NY Slip Op 51150(U))

[*1]

People v Justice A.

2022 NY Slip Op 51150(U) [77 Misc 3d 128(A)]

Decided on November 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570313/19

The People of the State of New
York, Respondent,
against
Justice A., Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Heidi C. Cesare, J.), rendered May 1, 2019, after a nonjury trial,
convicting him of assault in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Heidi C. Cesare, J.), rendered May 1, 2019, affirmed. The
matter is remitted to Criminal Court for further proceedings pursuant to CPL
460.50(5).
The verdict, rejecting defendant's justification defense, was not against the weight of
the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no reason to
disturb the court's determinations concerning credibility. The victim's credible testimony
negated the defense of justification by establishing that defendant was the initial
aggressor. Moreover, under the version of the facts contained in defendant's testimony,
even if he was initially justified, he responded in disproportion to the threat he perceived,
and acknowledged he "went too far," when he repeatedly punched the 60-year-old victim
in the face, even after the latter fell to the ground, causing the victim to black out and
shattering his orbital bone (see Matter of Y.K., 87 NY2d 430, 433—434
[1996]; People v Barreto,
70 AD3d 574, 575 [2010], lv denied 15 NY3d 772 [2010]).
The Court providently exercised its discretion in drawing an adverse inference as a
result of defendant's failure to turn over statements from defendant's character witnesses.
Defendant's contention that he had no obligation to turn over such statements is both
unpreserved and without merit (see People v Damon, 24 NY2d 256, 261 [1969]).
In any event, any error in imposing an adverse inference was harmless in light of the
overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d
230 [1975]). 
The court properly denied defendant's suppression motion. The People established
probable cause for defendant's arrest with hearsay information that satisfied the
Aguilar-Spinelli test (see People v Ketcham, 93 NY2d 416, 420 [1999]). The
hearsay was provided by an identified, and presumably reliable, citizen-witness, the
principal of defendant's high school, who obtained information about the underlying
assault in a reliable way - he immediately went to the scene of the altercation and spoke
to several of his students, including defendant himself and [*2]another who identified defendant as the perpetrator (see
People v Parris, 83 NY2d 342, 348-350 [1994]; People v Johnson, 66 NY2d
398, 402 [1985]). 
Defendant's CPL 30.30 speedy trial motion was properly denied. Defendant's present
claims are for the most part unpreserved and we decline to review them in the interest of
justice. With respect to the entire period from June 25, 2018 to September 4, 2018, which
defendant now alleges should be charged to the People because their June 29, 2018
off-calendar statement of readiness was illusory, we note that defendant never challenged
the statement of readiness before Criminal Court (see CPL 470.05[2]; People
v Goode, 87 NY2d 1045 [1996]; People v Reyes, 240 AD2d 165, 166
[1997], lv denied 90 NY2d 942 [1997]).
With respect to the time period from November 5, 2018 to November 13, 2018,
defendant's claims regarding his late appearance on November 5th and the unavailability
of his counsel are unpreserved. As an alternative holding, this period was correctly
excluded because defense counsel's unavailability was the predominant cause of the
adjournment. When the case was called on November 5, 2018, neither defendant nor his
attorney was present, prompting the court to issue a bench warrant. When the case was
recalled later that day after defendant arrived, the Court expunged the bench warrant and
an attorney from the Legal Aid Society explained that the earlier nonappearance was the
result of defendant attending school earlier in the day, and the assigned attorney of record
having left the Legal Aid Society. Counsel further indicated that his office was "tr[ying]
to figure out who this [case] was being transferred to," and answered "yes" when the
court asked if she wanted November 28 or 29 because she "ha[d] to get it reassigned"
and to "make sure that this case goes to the appropriate attorney." 
We find that the sentence was not excessive.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: November 22, 2022