People v Williams (2025 NY Slip Op 02166)

People v Williams

2025 NY Slip Op 02166

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Kern, J.P., Gesmer, Mendez, O'Neill Levy, Michael, JJ. 

Ind No. 4146/17|Appeal No. 4122|Case No. 2019-04908|

[*1]The People of the State of New York, Respondent,
v
Nathaniel Williams, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Frances Weil of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sarah Lubin of counsel), for respondent.

Judgment, Supreme Court, New York County (Ann Scherzer, J. at CPL 30.30 motion; Robert Stolz, J. at hearing; Michele Rodney, J. at trial and sentencing), rendered August 15, 2019, convicting defendant of aggravated unlicensed operation of a motor vehicle in the first degree and bail jumping in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 3 to 7 years, unanimously affirmed.
The court properly denied defendant's motion to suppress his statement to the police. The officer "merely informed defendant of the accusation against him" (People v Ealey, 272 AD2d 269, 270 [1st Dept 2000], lv denied 95 NY2d 865 [2000]) by making a "declarative statement" that "neither called for a response nor was reasonably likely to elicit one" (see People v Castro, 166 AD3d 448, 449 [1st Dept 2018], lv denied 33 NY3d 946 [2019]). "[A] reasonable person in similar circumstances" would not conclude that the officer's "comments were designed to elicit an incriminating statement" (Matter of Rennette B., 281 AD2d 78, 83 [1st Dept 2001]).
The court properly denied defendant's CPL 30.30 motion. Given that a bench warrant had been issued, the People were not required to exercise due diligence to locate defendant once he was released from custody in Virginia (see CPL 30.30[4][c][ii]). Thus, the period between January 21, 2015, the date of defendant's Virginia release, and September 11, 2017, the date he was returned to court on the warrant, was excludable (see People v Murry, 50 AD3d 383, 384 [1st Dept 2008], lv denied 10 NY3d 962 [2008]).
Insofar as defendant argues that he was entitled to the affirmative defense for bail jumping because he was constrained from leaving North Carolina as a condition of his probation, this claim is unpreserved (People v Dockery, 272 AD2d 247, 248 [1st Dept 2000], lv denied 95 NY2d 934 [2000]). Additionally, because defense counsel ultimately conceded that the affirmative defense charge was unwarranted, defendant's entire claim is waived (see People v Lewis, 5 NY3d 546, 551 [2005]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025