People v Kents (2025 NY Slip Op 50880(U))

[*1]

People v Kents

2025 NY Slip Op 50880(U)

Decided on May 30, 2025

Criminal Court Of The City Of New York, Bronx County

Krompinger, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 30, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Tamera A. Kents, Defendant.

Docket No. CR-029325-24BX

For the People: ADA Sasha Abbott, Esq., The Office of Darcel D. Clark, District Attorney of Bronx County. 198 E. 161st St, Bronx NY 10451. 
For the Defendant: Twyla Carter, The Legal Aid Society (Addison Jeske, Esq., of counsel), Criminal Defense Practice, 260 E. 161st Street, Bronx NY 10451.

Scott M. Krompinger, J.

Recitation of the papers considered:
Defendant's Notice of Motion, aff. Of Addison Jeske, Esq., dated March 21, 2025.
People's Opposition, aff. of ADA Sasha Abbott, Esq., dated April 11, 2025.
Defendant's Reply, aff. dated April 18, 2025.
Upon the foregoing papers, the defendant Tamera A. Kents ("Defendant") moves for an order (1) finding that the People's certificate of compliance ("COC") filed on February 11, 2025, was not proper under Criminal Procedure Law ("CPL") 245.50 (1) because certain items discoverable under CPL 245.20 (1) were not disclosed and made available to the defense; and ruling that the People's supplemental certificates of compliance ("SCOC") filed on February 19, 2025 and February 25, 2025, supports a ruling that the original COC was invalid under CPL 245.50 (1-a); and dismissing the accusatory instrument pursuant to CPL 170.30 (1) (e) and 30.30, or, in the alternative, granting a CPL 30.30 hearing as described in People v Allard, 28 NY3d 41 (2016).
The People oppose the motion.
Background
By accusatory instrument filed on November 15, 2024, Defendant was charged with assault in the third degree (Penal Law ["PL"] § 120.00 [1]), criminal mischief in the fourth degree (PL § 145.00 [1]), and harassment in the second degree (PL § 240.26 [1]).
According to the criminal complaint deponent P.O. Mdabdur Khan, this matter arises out of an alleged incident that occurred on or about November 14, 2024, at approximately 7:10AM and 7:17AM inside of XXXXX in the Bronx, New York. Complaining witness Lxxxxx Bxxxxx (the [*2]"C/W")[FN1]
 alleged that at that time and place, Defendant struck his bedroom door multiple times with a closed fist causing damage. When the C/W opened the door, Defendant struck him in the fact with a closed fist one time, resulting in substantial pain and bruising to his left cheek.
Defendant was arraigned on November 15, 2024. Follow subsequent court appearances the People filed a COC off-calendar on February 11, 2025. Defendant's counsel alleges that on February 19, 2025, he emailed the People about several discovery items that were listed in the COC but not provided or were not listed or disclosed. Following this communication, the People disclosed some, but not all, of the materials then filed a SCOC on February 19, 2025. On February 25, 2025, the People disclosed an aided report and filed a second SCOC ("SCOC2"). Following a discovery conference, this Court ordered the instant motion schedule. On March 14, 2025, Defense counsel inquired about the entity report for the C/W and any police material related to the prior incidents at the subject address on November 12th and 13th. In response that same day, the People disclosed the entity report for the C/W.
Defendant argues that due to the incomplete service of discovery, the People's COC is invalid. As to the belated discovery, Defendant argues that the People disclosed the following materials on February 19th and 25th, after filing their first COC: (1) 911 call made by Defendant on the morning of November 14, 2024; (2) 911 call made by the C/W on the morning of November 14, 2024; (3) second 911 call made by C/W; (4) radio run related to the charged incident; (5) event chronology related to the charged incident; (6) 911 certification for the three 911 calls made related to the charged incident; (7) 911 heading for the three 911 calls; (8) aided report for the C/W on the morning of November 14, 2024; (9) the entity report for the C/W.
Defendant contends that the following materials were never disclosed, in violation of the People's discovery obligations: (1) substantiated Internal Affairs Bureau ("IAB") Log and other impeachment information for P.O. Ashley Alvarez and P.O. Khan; (2) notes recorded by P.O. Alvarez at the scene of the alleged incident on November 14, 2024; (3) prior incident materials from November 12, 2024 and November 14, 2024; (4) the online booking system arrest worksheet.
In opposition to the motion, the People contend that they exercised due diligence according to the factors set forth in People v Bay, (41 NY3d 200 [2023]), and that the material that was not disclosed does not exist, and that therefore, their COC is valid.
In reply, Defendant argues that the People mischaracterize good faith for due diligence and that the People's assertions that they acted in good faith does not shield them from compliance with CPL 245.20.
Applicable Law and Analysis
Defendant stands charged with assault in the third degree, criminal mischief in the fourth degree, and harassment in the second degree. Since at least one of the charges is a misdemeanor punishable "by a sentence of imprisonment of more than three months" and none of the charges are a felony, the People had 90 days from the commencement of this action to declare readiness for trial (CPL 30.30 [1] [b]).
The People commenced this action on November 15, 2024, the date of filing of the accusatory instrument (CPL 1.20 [16], [17]) and Defendant was arraigned that same day. The People filed their initial COC and statement of readiness ("SOR") on February 11, 2025. The [*3]People then filed their SCOC on February 19, 2025, and their SCOC2 on February 25, 2025. As of February 11, 2025, 88 days of chargeable time had elapsed. As of February 19, 2025, 96 days of chargeable time had elapsed. As of February 25, 2025, 102 days of chargeable time had elapsed, and on that date this motion schedule was set.
Defendant moves for an order deeming the COC, SCOC, and SCOC2 as invalid, and dismissing this matter pursuant to CPL 30.30 (1) (d) and 170.30 (1) (e). A defendant seeking a speedy trial dismissal pursuant to CPL 30.30 meets his or her initial burden on the motion simply "by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period" (People v Goode, 87 NY2d 1045, 1047 [1996], quoting People v Luperon, 85 NY2d 71, 77-78 [1995]). The "speedy trial clock" is tolled when the People declare ready for trial (People v Labate, 42 NY3d 184, 190 [2024]). To be deemed ready for trial, the People must file their SOR and "serve upon the defendant and file with the court a certificate of compliance," certifying that they have complied with their discovery obligations (CPL 245.50 [1]; 245.50 [3]).
"Pursuant to CPL 245.50 (3), '[n]otwithstanding the provisions of any other law, absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate [of compliance] pursuant to [CPL 245.50 (1)]'" People v Macaluso, 230 AD3d 1158, 1159 [2d Dept 2024], lv to appeal denied, 42 NY3d 1036 [2024]). If a proper COC has not been filed, the SOR must be deemed invalid and illusory, and thus insufficient to stop the speedy trial clock (People v England, 84 NY2d 1, 4 [1994]).
CPL 245.50 and 30.30 require that due diligence be conducted prior to filing a COC (Bay, 41 NY3d at 212). Where, as here, a defendant seeks dismissal on the grounds that "the People failed to exercise due diligence and therefore did not file a proper COC," it is the People's burden to establish "that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (id. at 213). "If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (id.). 
"The key question in determining if a proper COC has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery'" (Bay, 41 NY3d at 211). The People are required "'to make reasonable efforts' to comply with statutory directives" (id.). This is a "case-specific" analysis that "will turn on the circumstances presented" (id. at 212). While "[t]here is no rule of 'strict liability'; that is, the statute does not require or anticipate a 'perfect prosecutor,' good faith compliance with discovery obligations, alone, will not "cure a lack of diligence" (id.). Factors to consider when assessing due diligence include: "the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id. at 212). The above factors are considered "non-exclusive" and "call[] for a holistic assessment of the People's efforts to comply with the automatic discovery provisions, rather than a strict item-by-item test that would require us to conclude that a COC is improper if the People miss even one item of discovery" (People v Cooperman, 225 AD3d 1216, 1220 [4th Dept 2024]).
In this matter, after review of the circumstances and considering the factors set forth in Bay, [*4]this court concludes that the People failed to exercise due diligence in complying with their statutory discovery obligations under CPL art 245.
(A) Belated Disclosure
The People do not dispute that the 911 materials, radio run, and event chronology are all discoverable materials subject to automatic discovery (CPL 245.20 [1]), and the People are deemed to be in possession thereof (CPL 245.20 [2]). In the initial COC, the People stated that these documents were not disclosed because they were "unavailable" as they were requested on January 16, 2025, and the People were awaiting receipt at the time the COC was filed. The People's opposition also characterizes the omission as an inadvertent oversight. However, the record indicates that aside from the initial January 16 request, the People made no effort to follow up with their discovery liaison at the NYPD to obtain the materials until February 11, 2025 — the day the COC was filed. Upon follow-up, the People received those documents and disclosed them to the defense eight days later. This indicates that the materials were not in fact unavailable, but rather the People did not make reasonable inquiries to expedite receipt following their general January discovery request. This cannot be deemed a mere "oversight," as the People's COC indicated an express awareness that the materials were undisclosed. Since, again, those records are deemed to be in the possession of the prosecution, the People could not file a valid COC without first providing the discoverable materials (People v Santos, 79 Misc 3d 1233[A] [Crim Ct, Bronx County 2023], citing People ex rel Ferro v Brann, 197 AD3d 787, 788 [2d Dept 2021]). The People's single, "generalized" discovery request without follow up until the date the COC was filed, two days before the CPL 30.30 time expired, cannot be deemed a reasonable, good faith effort to comply with discovery obligations (id.; see also People v Martinez, 2025 NY Slip Op 25056 [Sup Ct Kings County 2025] [mere statement that requests were made for discoverable material insufficient to establish due diligence]; People v Stamm, 85 Misc 3d 136[A] [App Term, 2d Dept, 9th & 10th Jud Dists 2025] [single belated request for disclosure absent other inquiries or explanations was insufficient to establish due diligence]). 
The People point to the fact that the Intergraph Computer Aided Dispatch ("ICAD") paperwork contained the information concerning the missing 911 materials, which demonstrates that the defense was not prejudiced by the late disclosure. As the law presently stands, however, "a defendant need not demonstrate prejudice to obtain a speedy trial dismissal based on a failure to timely comply with discovery obligations" (Bay, 41 NY3d at 214; see also People v Cartagena, 76 Misc 3d 1214[A], 2022 NY Slip Op. 50943[U] [Crim Ct, Bronx County 2022]). Prejudice would only be considered where a party seeks remedies or sanctions under CPL 245.80, and such relief was not requested in this motion (People v Diaz, 75 Misc 3d 314, 320 [Crim Ct, Bronx County 2022]).
Regarding the aided report, the People again do not deny that it is something automatically discoverable and deemed to be in their possession. The People argue that they did not receive the report in their initial discovery request, and once apprised by Defendant on February 19, it was obtained and disclosed on February 24. The People, however, do not state when or if they ever examined the materials received from the NYPD discovery liaison to determine if anything was missing before filing their initial COC (see People v Guzman, 75 Misc 3d 132[A] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). As noted by Defendant in reply, the People should have been aware of the aided report as their own discovery listed an aided report number, and the C/W received medical attention at the scene. Had the People reviewed their materials they would have been able [*5]to timely determine that the report was missing (id., Martinez, 2025 NY Slip Op 25056 at *5).
The entity report for the C/W was also disclosed after the initial COC was filed. Again, it is not disputed that this document was automatically discoverable and deemed to be in the People's possession. To justify that late disclosure, the People argue that they requested the C/W entity report on February 19, 2025, after receiving the email inquiry from defense counsel. The People received a response several days later from P.O. Khan indicating that an entity report was never generated for this incident (People's Opposition, Exhibit 7). P.O. Khan then generated a report that same day and provided it to the People, who turned it over to defense on February 25, along with the SCOC2 filing.
The above fails to establish diligent efforts on the part of the People to ascertain the existence of the C/W entity report prior to filing the COC. The People detail no efforts whatsoever to obtain this report before the COC was filed. The People claim that a report was never generated, but it is evident from their opposition that a report was quickly created by the NYPD in response to the People's February 25, 2025 email. Had the People engaged in diligent efforts and made reasonable inquiries concerning this report, this document clearly could have been provided before the COC was filed. The report was not provided until after the COC was filed, after the expiration of the 30.30 period, and only in response to defense inquiry. Under such circumstances, the Court cannot find that the People diligently sought and disclosed this material (see People v Wharton, 84 Misc 3d 26, 29-30 [App Term 2d Dept, 9th and 10th Jud Dists 2024]; People v Edwards, 77 Misc 3d 740, 747 [Crim Ct, Bronx County 2022]). 
(B) Undisclosed Materials
Regarding the missing and/or undisclosed material, the People did not disclose a "partially substantiated" IAB log that was found on P.O. Alvarez's information sheet, or the central personnel index ("CPI") for either P.O. Alvarez or P.O. Khan. Contrary to the People's contentions, the IAB log was discoverable in light of CPL article 245's presumption in favor of disclosure (CPL 245.20 [7]) and broad mandate to provide all impeachment material of testifying witnesses related to the subject matter of the case, including documents concerning both substantiated and unsubstantiated allegations of police misconduct (People v Guzman, 77 Misc 3d 1223[A], 2023 NY Slip Op. 50023[U] [Crim Ct, Bronx County 2023]; see also People v Pardo, 81 Misc 3d 858, 873 [Crim Ct, Bronx County 2023]; see generally People v Coley, 2025 NY Slip Op 01945 at *5 [2d Dept April 2, 2025]; CPL 245.20 [1] [k]). The People provide no authority supporting their contention that the IAB log disposition of "for information and intelligence" shields this material from disclosure. The People also fail to address Defendant's contentions regarding the undisclosed CPI for both P.O. Alvarez and P.O. Khan. Notably, the People never sought leave of court to withhold these materials before filing their COC or supplemental COC's, which militates against a finding of due diligence (see Guzman, 77 Misc 3d 1223[A] at *3).
Defendant asserts that the People also failed to disclose possible notes that may have been recorded by P.O. Alvarez at the scene of the incident. Defendant relies on body-worn camera footage purportedly depicting P.O. Alvarez typing on her phone. The People counter that said notes do not exist. In any event, there is no indication in the People's opposition of any efforts they made to contact the officer to determine whether notes were taken prior to filing the COC. Similarly, with respect to the online booking system arrest worksheet, the People did not make efforts to ascertain its existence until February 19, 2025, days after filing the COC. While they were informed this document was never generated, this was a routine document ordinarily subject to disclosure. The [*6]fact that the prosecution first requested it on February 19, 2025, weighs against a finding that the People exercised due diligence.
More significantly, the People also failed to provide any information or materials related to police responses to the scene in the two days that preceded this incident. The People's opposition does not dispute that such police contacts occurred or that reports were generated, consequently such is deemed to be conceded (People v Serrano, 234 AD3d 879, 883 [2d Dept 2025]). This material would be automatically discoverable (CPL 245.20 [1] [e] and [1] [k] [iv]) and deemed to be in the People's possession. In response to the motion, the People do not state whether they ever inquired as to the existence of material relating to these incidents before filing the COC, or even after receiving defense counsel's inquiry on March 14, 2025. The People instead rely on their single, general request for discovery from January, which is insufficient to establish due diligence here (see Martinez, 2025 NY Slip Op 25056; Stamm, 85 Misc 3d 136 [A]; Santos, 79 Misc 3d 1233 [A]).
The Court further notes that the People did not attempt to comply with CPL 245.10 (1) (a) (ii), which requires discovery to be provided within 35 days after arraignment where, as here, the defendant is not in custody. Indeed, the People did not make their initial request for discovery from the NYPD liaison until January 16, 2025 — 62 days after arraignment, and they did not file their COC until the 88th day [FN2]
. This general delay further demonstrates a lack of due diligence (Stamm, 85 Misc 3d 136 [A]; see also People v Holly, 85 Misc 3d 1249 [A] *2 [Crim Ct, New York County 2025]).
When considering the relevant Bay factors, Court finds that the People failed to carry their burden of demonstrating that they exercised due diligence before filing the February 11, 2025 COC. The People do not argue that this was a complex case. As detailed above, the People were aware that there was material that had not yet been disclosed at the time the COC was filed but nonetheless did not make further efforts to obtain the materials from the NYPD until after filing on February 11, 2025. As emphasized in Bay, "post-filing disclosure and a supplemental COC cannot compensate for a failure to exercise due diligence before the initial COC is filed" (41 NY3d at 212). Furthermore, the People provide no explanation for failing to follow up on routine discovery materials while relying on their January 16, 2025 generalized request for others. The People's February 11, 2025, COC is therefore deemed invalid and the SOR is illusory. 
Conclusion
The People's CPL 30.30 time commenced on November 15, 2024, when Defendant was arraigned. When the People filed their COC and SOR on February 11, 2025, 88 days were chargeable to the People. Since the People's COC was improper, the CPL 30.30 time continued to run until at least February 19, 2025, when the SCOC was filed. By that time, however, 96 days had elapsed. Consequently, Defendant's motion to dismiss the accusatory instrument is granted as the People have exceeded their CPL 30.30 time.
Accordingly, it is hereby
ORDERED, that Defendant's motion to dismiss pursuant to CPL 30.30 is GRANTED, and the accusatory instrument is DISMISSED.
Dated: May 30, 2025
HON. SCOTT M. KROMPINGER, J.C.C.

Footnotes

Footnote 1:The complaint names the informant as "Bxxxxxn" instead of "Bxxxxxw."

Footnote 2:The People do not argue that they were entitled to the automatic 30-day extension pursuant to CPL 245.10 (1) (a) where, "the discoverable materials, including video footage from body-worn cameras, surveillance cameras, or dashboard cameras, are exceptionally voluminous or, despite diligent, good faith efforts, are otherwise not in the actual possession of the prosecution."