■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MACKENZIE, Appellant. [647 NYS2d 825] —Appeal by the

defendant from a judgment of the Supreme Court, Nassau County (Goodman, J.), rendered March 16, 1994, convicting him of kidnapping in the second degree, robbery in the third degree (two counts), and unauthorized use of a motor vehicle in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's motion which was to suppress his statements to law enforcement authorities.

Ordered that the matter is remitted to the Supreme Court, Nassau County, to hear and report on the defendant's motion to dismiss the indictment pursuant to CPL 30.30 (1) (a) and on his motion under *Batson v Kentucky* (476 US 79), and the appeal is held in abeyance in the interim. The Supreme Court, Nassau County, shall file its report with all convenient speed.

The defendant argues that he was deprived of his constitutional and statutory rights to a speedy trial when the People failed to announce their readiness for trial until more than a year after the felony complaint had been filed (*see,* CPL 30.30 [1]). Of that period, he argues, only 56 days were not chargeable to the People (*see,* CPL 30.30 [4]). The defendant's *pro se* motion to dismiss the indictment on the ground that his rights to a speedy trial had been violated was denied without a hearing.

Where a defendant has alleged the existence of a delay greater than six months and the People do not provide conclusive proof of sufficient excludable periods, the court must conduct a full hearing (*see, People v Berkowitz,* 50 NY2d 333, 349; *People v Robbins,* 207 AD2d 565). Here, the People's opposition to the defendant's motion failed to provide such conclusive proof. Accordingly, the court erred in denying the motion without a full hearing.

Further, the defendant argues that he was deprived of a fair trial when the prosecutor, over his objection, used several of his peremptory challenges to strike prospective jurors based on their race (*see, Batson v Kentucky,* 476 US 79, *supra*).

The Court of Appeals has recently clarified the trial court's responsibility to assure that "[t]he legal burdens of production and persuasion [are] correctly allocated and maintained" during a *Batson* inquiry, and that a meaningful record is made which reflects that these prerequisites have been met (*People v Jones,* 88 NY2d 172, 184; *see also, People v Allen,* 86 NY2d 101). No such record was made here. Accordingly, the matter is remitted for further proceedings in accordance with *People v Jones (supra).*

We decide no other issues. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.