■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE FORD, Appellant. [792 NYS2d 78]—

Judgment, Supreme Court, New York County (Brenda G. Soloff, J., on first speedy trial motion; Ronald A. Zweibel, J., at further speedy trial proceedings, jury trial and sentence), rendered July 18, 2003, convicting defendant of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The motion court properly denied defendant's first speedy trial motion. Defendant's arguments are unpreserved and we decline to review them in the interest of justice. The motion stated in conclusory terms that certain periods were chargeable to the People, and when the People identified the exclusions upon which they intended to rely, defendant offered no response (*see People v Goode*, 87 NY2d 1045 [1996]). Were we to review these claims, we would find that the record supports each of the court's findings of excludability.

The trial court should not have summarily rejected defendant's second speedy trial motion, which, although brought just

before jury selection was about to commence, was timely (*People v Gaillard*, 252 AD2d 357 [1998]). However, the existing record is sufficient to establish that the second motion was entirely without merit and that no purpose would be served by a remand for determination of the motion.

The trial court properly declined to reopen the first speedy trial motion. The information revealed during a pretrial hearing did not undermine the motion court's finding of excludability with regard to a five-day period. That period would not be dispositive of the speedy trial issue in any event.

We perceive no basis for reducing defendant's conviction to a lesser offense in the interest of justice. Concur—Tom, J.P., Andrias, Sullivan, Nardelli and Williams, JJ.