Appeal by the People from an order of the Supreme Court, Queens County (Kron, J.), dated March 25, 2011, which granted the defendant’s motion pursuant to CPL 30.30 to dismiss the indictment.
Ordered that the order is affirmed.
On January 1, 2008, the defendant, allegedly acting in concert with the codefendant, Tasha Parker, committed, inter alia, an assault. A felony complaint was apparently filed against the defendant on January 5, 2008, the day he was arraigned. On or about March 22, 2010, the defendant moved pursuant to CPL 30.30 (1) (a) to dismiss the indictment. The Supreme Court, Queens County (Aloise, J.), denied the motion, determining that the defendant was not deprived of his right to a speedy trial, as the People were only chargeable with a total of 147 days. Thereafter, following more delays, the defendant again moved pursuant to CPL 30.30 (1) (a) to dismiss the indictment. The Supreme Court, Queens County (Kron, J.), determined that the People failed to bring the defendant to trial within six months, and granted the defendant’s motion.
Contrary to the People’s contention, the defendant’s second motion to dismiss the indictment was timely, as it was made prior to the commencement of trial (see CPL 1.20 [11]; People v Ford, 17 AD3d 143,143-144 [2005]; People v Rodriguez, 45 AD2d 41, 42 [1974]). The People’s contention that the defendant failed to provide reasonable notice was waived, as they failed to raise this procedural issue before the Supreme Court (see People v Jennings, 69 NY2d 103, 113 [1986]; People v Brown, 207 AD2d 556, 557-558 [1994]). Contrary to the People’s contention, they did not raise the notice issue by raising the timeliness issue, as these requirements are different (see People v Jennings, 69 NY2d at 113).
In felony cases, the People are required to be ready for trial within six months after the commencement of the criminal ac *776 tion (see CPL 30.30 [1] [a]; People v Beasley, 69 AD3d 741, 742 [2010], affd on other grounds 16 NY3d 289 [2011]). “Whether the People have satisfied this obligation is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People’s declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute” (People v Cortes, 80 NY2d 201, 208 [1992]). “[0]nce the defendant has shown the existence of a delay greater than six months, the burden of proving that certain periods within that time should be excluded falls upon the People” (People v Berkowitz, 50 NY2d 333, 349 [1980]).
Here, the time by which the People had to be ready for trial should be measured from January 5, 2008, and the six-month period following that date consisted of 182 days. The Supreme Court charged the People with 182 days of delay, and should have charged them with an additional 38 days for the period from December 15, 2008, to January 22, 2009, caused by the assigned assistant district attorney’s inability to appear due to jury duty. The People failed to establish that this 38-day delay constituted an exceptional circumstance under CPL 30.30 (4) (g) (see People v Jones, 68 NY2d 717, 718-719 [1986]; People v Perez, 252 AD2d 353 [1998]; People v McCaffrey, 78 AD2d 1003, 1003-1004 [1980]; see also People v Warren, 85 AD2d 747, 748 [1981]).
The People’s contention that the first 22 days of the adjournment period from February 25, 2010, through March 23, 2010, should be excluded because a bench warrant was stayed as to the defendant has been rendered academic by our determination.
The People’s remaining contentions are without merit.
Accordingly, the defendant’s motion pursuant to CPL 30.30 to dismiss the indictment was properly granted. Eng, EJ., Rivera, Lott and Sgroi, JJ., concur.