*625 The defendant contends that the Supreme Court erred in summarily denying his motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial because the People failed to demonstrate, as a matter of law, their entitlement to exclude the period from July 27, 2007, through August 28, 2007. Contrary to the People’s contention, the defendant’s claim that the summary denial was error is properly preserved for appellate review (see CPL 470.05 [2]; People v Hampton, 21 NY3d 277, 284 n 2 [2013]; People v Prado, 4 NY3d 725 [2004]).
In felony cases, the People are required to be ready for trial within six months after the commencement of the criminal action (see CPL 30.30 [1] [a]; People v Headley, 100 AD3d 775, 775-776 [2012]). A defendant seeking dismissal of the indictment on speedy trial grounds under CPL 30.30 meets his or her initial burden on the motion simply by alleging that the People failed to declare readiness within the statutorily prescribed period (see People v Beasley, 16 NY3d 289, 292 [2011]; People v Goode, 87 NY2d 1045, 1047 [1996]). “ ‘[0]nce the defendant has shown the existence of a delay greater than six months, the burden of proving that certain periods within that time should be excluded falls upon the People’ ” (People v Headley, 100 AD3d at 776, quoting People v Berkowitz, 50 NY2d 333, 349 [1980]; see People v Santos, 68 NY2d 859, 861 [1986]; People v Wearen, 98 AD3d 535, 537 [2012]).
Here, the defendant sustained his initial burden on the motion by alleging that a period of unexcused delay in excess of six months had elapsed since the date that he was arraigned on the *626 felony complaint (see CPL 30.30 [1] [a]). In opposition, the People failed to conclusively demonstrate with “unquestionable documentary proof’ that they satisfied that requirement (CPL 210.45 [5]; see People v Stanley, 275 AD2d 423 [2000]; People v Figaro, 245 AD2d 300 [1997]; People v Thomas, 210 AD2d 736 [1994]; People v Boyd, 189 AD2d 433, 437 [1993]; cf. People v Morgan, 259 AD2d 771, 772 [1999]; People v Belgrave, 226 AD2d 550 [1996]). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a hearing on the defendant’s motion (see CPL 210.45 [5]; People v Santos, 68 NY2d at 861; People v Berkowitz, 50 NY2d at 349; People v Washington, 82 AD3d 1675, 1677 [2011]; People v Smith, 245 AD2d 534 [1997]; People v Mackenzie, 231 AD2d 740, 741 [1996]; People v Davis, 184 AD2d 575, 577-578 [1992]; People v Reid, 102 AD2d 835, 836 [1984]).
We decide no other issues at this juncture. Skelos, J.P., Leventhal, Lott and Cohen, JJ., concur.