■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN HENDERSON, Appellant. [992 NYS2d 140]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered February 17, 2011, convicting him of rape in the first degree and criminal sexual act in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that judgment is affirmed.

In felony cases, the People are required to be ready for trial within six months after the commencement of the criminal action (*see* CPL 30.30 [1] [a]; *People v Headley*, 100 AD3d 775, 775-776 [2012]). "A defendant seeking dismissal of the indictment on speedy trial grounds under CPL 30.30 meets his or her initial burden on the motion simply by alleging that the People failed to declare readiness within the statutorily prescribed period" (*People v Allard*, 113 AD3d 624, 625 [2014]; *see People v Beasley*, 16 NY3d 289, 292 [2011]; *People v Goode*, 87 NY2d 1045, 1047 [1996]). " '[O]nce the defendant has shown the existence of a delay greater than six months, the burden of proving that certain periods within that time should be excluded falls upon the People' " (*People v Headley*, 100 AD3d at 776, quoting *People v Berkowitz*, 50 NY2d 333, 349 [1980]; *see People v Santos*, 68 NY2d 859, 861 [1986]; *People v Allard*, 113 AD3d at 625; *People v Wearen*, 98 AD3d 535, 537 [2012]).

After the People "identify the exclusions on which they intend to rely . . . the defense must identify any legal or factual impediments to the use of these exclusions" in order to preserve challenges to the People's reliance on those exclusions for appellate review (*People v Luperon*, 85 NY2d 71, 78 [1995]; *see People v Beasley*, 16 NY3d at 292; *People v Goode*, 87 NY2d at 1047). The fact that the People may have failed to set forth any proof to substantiate their claimed exclusions does not serve to obviate the defendant's obligation to preserve his objection to the People's failure to sustain their substantive burden of proof on this issue or to any other deficiency in the People's response to the defendant's motion (*see People v Beasley*, 16 NY3d at 292; *People v Luperon*, 85 NY2d at 78; *People v Goode*, 87 NY2d at 1047).

Here, after the People set forth the statutory exclusions they intended to rely upon in opposition to the defendant's motion, the defendant failed to raise before the Supreme Court the legal

or factual impediments to the exclusions that he seeks to raise on appeal. Accordingly, the defendant failed to preserve for appellate review his contention that the Supreme Court erred in denying his motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial (*see People v Beasley*, 16 NY3d at 292; *People v Luperon*, 85 NY2d at 78; *People v Goode*, 87 NY2d at 1047), and, under the circumstances of this case, we decline to reach the issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.05 [2]).

The defendant's challenge to the legal sufficiency of the evidence with respect to his convictions of rape in the first degree (Penal Law § 130.35 [1]), and criminal sexual act in the first degree (Penal Law § 130.50 [1]) are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492-493 [2008]; *People v Hines*, 97 NY2d 56, 61 [2001]; *People v Gray*, 86 NY2d 10, 19-21 [1995]), and we decline to review them in the exercise of our interest of justice jurisdiction (*see e.g. People v Bridges*, 63 AD3d 752 [2009]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to the convictions of rape in the first degree (*see* Penal Law § 130.35 [1]), and criminal sexual act in the first degree (*see* Penal Law § 130.50 [1]), were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he failed to establish that he was deprived of his constitutional right to effective assistance of counsel (*see People v Ryan*, 90 NY2d 822, 824 [1997]; *People v Rivera*, 71 NY2d 705, 708-709 [1988]). Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.