People v Perkins (2019 NY Slip Op 06516)





People v Perkins


2019 NY Slip Op 06516


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-05449
 (Ind. No. 2259/14)

[*1]The People of the State of New York, respondent,
v
Thomas E. Perkins, appellant.


Zachary Margulis-Ohnuma, New York, NY (Adam Elewa of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Sharon Y. Brodt of counsel), for respondent.
Nathan Freed Wessler, New York, NY (Esha Bhandari, Hugh Handeyside, Christopher Dunn, and Aadhithi Padmanabhan of counsel; Adam Schwartz, Sophia Cope, and Aaron Mackey on the brief), for amici curiae American Civil Liberties Union, Electronic Frontier Foundation, and New York Civil Liberties Union.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard Buchter, J.), rendered April 6, 2017, convicting him of possessing a sexual performance by a child (two counts), and imposing sentence. The appeal brings up for review the denial, after a hearing (Ronald D. Hollie, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials, and the denial (Richard Buchter, J.), without a hearing, of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial.
ORDERED that the matter is remitted to the Supreme Court, Queens County, to hear and report on the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, is to conduct the hearing and file its report with all convenient speed.
The defendant contends that the Supreme Court erred in summarily denying his motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial because the People failed to demonstrate, as a matter of law, their entitlement to exclude the period from May 19, 2014, through July 8, 2014.
In felony cases, the People are required to be ready for trial within six months after the commencement of the criminal action (see CPL 30.30[1][a]; People v Allard, 113 AD3d 624, 625). A defendant seeking dismissal of the indictment on speedy trial grounds under CPL 30.30 meets his or her initial burden on the motion simply by alleging that the People failed to declare readiness within the statutorily prescribed period (see People v Beasley, 16 NY3d 289, 292; People v Goode, 87 NY2d 1045, 1047). "[O]nce the defendant has shown the existence of a delay greater than six months, the burden of proving that certain periods within that time should be excluded falls [*2]upon the People" (People v Berkowitz, 50 NY2d 333, 349; see People v Santos, 68 NY2d 859, 861; People v Allard, 113 AD3d at 625).
Here, the defendant sustained his initial burden on the motion by alleging that a period of unexcused delay in excess of six months had elapsed since the date that he was arraigned on the felony complaint (see CPL 30.30[1][a]). In opposition, the People failed to conclusively demonstrate with "unquestionable documentary proof" that any periods within that time should be excluded (CPL 210.45[5][c]; see People v Berkowitz, 50 NY2d at 349; People v Allard, 113 AD3d at 626). Moreover, the "court action sheet" provided to this Court on appeal, of which we may take judicial notice (see People v Dinkins, 261 AD2d 171, 172; People v Chu Zhu, 245 AD2d 296, 296; see also Fisch, New York Evidence § 1065 [2d ed]), contained only an ambiguous notation purportedly regarding the defendant's alleged waiver of his CPL 30.30 rights from May 5, 2014, to July 8, 2014 (see CPL 210.45[5][c]; People v Berkowitz, 50 NY2d at 347-349). Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a hearing and thereafter a report on the defendant's motion (see CPL 210.45[5]; People v Santos, 68 NY2d at 861; People v Berkowitz, 50 NY2d at 349; People v Allard, 113 AD3d at 626; People v Smith, 245 AD2d 534, 534; People v Mackenzie, 231 AD2d 740, 741; People v Robbins, 207 AD2d 565, 566; People v Manescala, 138 AD2d 633, 633).
We decide no other issues at this juncture.
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court