The People of the State of New York, Respondent,
against
Thomas Chin, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Joanne B. Watters, J., at speedy trial motion and reargument; Althea E. M. Drysdale, J., at trial and sentencing), rendered June 7, 2018, convicting him of sexual abuse in the third degree, and imposing sentence.




Per Curiam.
Appeal from judgment of conviction (Joanne B. Watters, J., at speedy trial motion and reargument; Althea E. M. Drysdale, J., at nonjury trial and sentencing), rendered June 7, 2018, held in abeyance, and the matter remanded to Criminal Court, New York County, for further proceedings on defendant's speedy trial motion.
Contrary to the People's contention, defendant did not waive his right to a dismissal on speedy trial grounds. His CPL 30.30 motion, although brought on the eve of trial, was timely (see People v Ford, 17 AD3d 143, 143-144 [2005], lv denied 4 NY3d 886 [2005]; People v Gonzalez, 5 AD3d 125 [2004]). Where a defendant timely moves to dismiss on CPL 30.30 grounds based on an unexcused delay in excess of the statutory 90-day minimum, "the burden shifts to the People to demonstrate that the delay is not properly chargeable to them" (People v Shaw, 32 Misc 3d 126[A], 2011 NY Slip Op 51165[U] [App Term, 1st Dept 2011]; see People v Berkowitz, 50 NY2d 333, 349 [1980]). However, since the People did not have an opportunity to respond to the motion prior to the court's decision, there is an insufficient record for appellate review. Accordingly, we remand for further proceedings on the motion and disposition thereof (see People v Crew, 121 AD2d 921 [1986])
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 04, 2019