People v Macaluso (2024 NY Slip Op 04400)

People v Macaluso

2024 NY Slip Op 04400

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-02589
 (Ind. No. 20/21)

[*1]The People of the State of New York, respondent,
v
Dino Macaluso, appellant.

Carol Kahn, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Jessica Segal, J.), rendered March 15, 2022, convicting him of vehicular manslaughter in the second degree and operating a motor vehicle while ability impaired by drugs, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
At trial, the People presented evidence that the defendant caused a motor vehicle collision which resulted in the death of a fellow motorist, due to the defendant's operation of a vehicle while impaired by the use of fentanyl. Following the trial, the jury found the defendant guilty of vehicular manslaughter in the second degree and operating a motor vehicle while ability impaired by drugs.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish that the defendant was impaired by a drug when he struck and fatally injured a fellow motorist with his vehicle, so as to support the convictions of vehicular manslaughter in the second degree and operating a motor vehicle while ability impaired by drugs (see Penal Law § 125.12[1]; Vehicle and Traffic Law § 1192[4]; People v Hawkins, 11 NY3d 484, 494; People v Gallo, 133 AD3d 1088, 1090). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant moved to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30(1)(a). The defendant contends that the People's initial certificate of compliance was improper and their statement of readiness dated May 24, 2021, was illusory, based upon the People's subsequent certificates of compliance disclosing certain material on three occasions: on or about November 11, 2021, prior to a pretrial hearing, on or about January 24, 2022, and on or about February 1, 2022, during jury selection. However, since [*2]the defendant only moved to dismiss the indictment on speedy trial grounds based on the disclosures made on or about November 11, 2021, and January 24, 2022, the defendant's contentions regarding the February 1, 2022 disclosure are unpreserved for appellate review (see People v Handlin, 156 AD2d 380, 380). In any event, there is no merit to the defendant's contention that the People's initial certificate of compliance was improper and that the statement of readiness dated May 24, 2021, was illusory, based upon their subsequent disclosure of certain material on or about November 11, 2021, January 24, 2022, and February 1, 2022.
"A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock" (People v England, 84 NY2d 1, 4). "'Any statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of [CPL] 245.20'" (People v Gaskin, 214 AD3d 1353, 1354 [alterations omitted], quoting CPL 30.30[5]; see CPL 245.50[1]). Pursuant to CPL 245.50(3), "[n]otwithstanding the provisions of any other law, absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate [of compliance] pursuant to [CPL 245.50(1)]." "The [certificate of compliance] 'shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery'" (People v Bay, 41 NY3d 200, 209, quoting CPL 245.50[1]). Moreover, "a valid certificate of compliance and readiness declaration will not be rendered illusory by subsequent diligent disclosures made in good faith" (People v McCarty, 221 AD3d 1360, 1362; see CPL 245.50[1]; 245.60).
Here, the People's initial certificate of compliance was proper, and the statement of readiness was not illusory. The record demonstrates that the People "exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery," as evidenced by the extensive, voluminous documents provided to the defendant with the initial certificate of compliance and statement of readiness (CPL 245.50[1]). The belated disclosures that accompanied the supplemental certificates of compliance were made in good faith and with due diligence; they were minimal, insignificant, and voluntarily provided to the defense once the People were made aware of the existence of the undisclosed material (see People v Williams, 224 AD3d 998, 1006). Notably, the defense requested no additional sanctions or accommodations based upon the delayed disclosure, short of dismissal of the indictment (see CPL 245.80). Accordingly, inasmuch as the People's initial certificate of compliance was proper, and the statement of trial readiness therefore was not illusory, the County Court properly denied the defendant's motion to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30(1)(a) (see People v Cooperman, 225 AD3d 1216).
Additionally, there is no merit to the defendant's contention, in effect, that CPL 245.20(1)(k) requires automatic disclosure of the entire disciplinary record for every law enforcement officer involved in his case, as a plain reading of the automatic disclosure statute establishes that the People are only required to disclose "all items and information that relate to the subject matter of the case" (CPL 245.20 [1]), which "is consistent with the balancing of interests espoused by the Court of Appeals" (People v McCarty, 221 AD3d at 1362; see People v Garrett, 23 NY3d 878, 888-891).
The defendant failed to preserve for appellate review his contention that the County Court failed to conduct a Mapp hearing in this matter (see CPL 470.05[2]; Mapp v Ohio, 367 US 643; People v Dancey, 57 NY2d 1033, 1034; People v Carzoglio, 198 AD3d 810, 811-812). To the extent that the defendant raises any arguments on appeal related to whether a search warrant was supported by probable cause, we conclude that the affidavit submitted in support of the search warrant application contained sufficient factual allegations of criminal conduct to justify issuance of the warrant (see People v Abad, 208 AD3d 892, 893).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court