People v Drayton (2024 NY Slip Op 05222)

People v Drayton

2024 NY Slip Op 05222

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2022-08209
2022-08210
 (Ind. No. 70456/21)

[*1]The People of the State of New York, appellant,
v
Donovan Drayton, respondent.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Eric C. Washer, Aaron M. Spurlock, and Danielle M. O'Boyle of counsel), for appellant.
Edward J. Muccini, Douglaston, NY, for respondent.

DECISION & ORDER
Appeals by the People from (1) an order of the Supreme Court, Queens County (Frances Y. Wang, J.), dated June 15, 2022, and (2) an order of the same court dated August 8, 2022. The order dated June 15, 2022, granted the defendant's motion, in effect, to strike the People's certificate of compliance and pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. The order dated August 8, 2022, insofar as appealed from, in effect, upon renewal and reargument, adhered to the original determination in the order dated June 15, 2022.
ORDERED that the appeal from the order dated June 15, 2022, is dismissed, as that order was superseded by the order dated August 8, 2022, made, in effect, upon renewal and reargument; and it is further,
ORDERED that the order dated August 8, 2022, is reversed insofar as appealed from, on the law, and, upon renewal and reargument, the order dated June 15, 2022, is vacated, and thereupon, the defendant's motion, in effect, to strike the People's certificate of compliance and pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.
On January 1, 2021, the defendant was arraigned on a felony complaint. Thereafter, on October 8, 2021, the defendant was charged under an indictment with two counts of criminal possession of a weapon in the second degree and one count of criminal possession of a weapon in the third degree.
On October 14, 2021, the People served and filed a certificate of compliance (hereinafter COC) as well as a notice of readiness for trial (hereinafter NRT). As relevant on this appeal, the People acknowledged in the COC that "[w]hile this matter has been presented to the Grand Jury, no minutes of such testimony are yet available to the People. The People will disclose and make available all Grand Jury Testimony outlined under CPL § 245.20(1)(b) as soon as the transcript of such testimony becomes available."
On November 3, 2021, the defendant was arraigned on the indictment. Subsequently, on November 23, 2021, the People filed a supplemental COC affirming that "after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery under CPL § 245.20(1), the People have disclosed and made available to the defendant[ ]" the grand jury minutes, which were "not in existence/not created when the People previously certified compliance."
By notice of motion dated May 3, 2022, the defendant moved, in effect, to strike the People's COC filed on October 14, 2021 (hereinafter October 2021 COC) pursuant to CPL 245.00 et seq. and to dismiss the indictment pursuant to CPL 30.30(1)(a) on the ground that he was deprived of his statutory right to a speedy trial. In particular, the defendant contended that the People's failure to disclose the transcript of the grand jury testimony rendered their COC improper, thereby also rendering their NRT illusory and insufficient to stop the running of the speedy trial clock.
In an order dated June 15, 2022, the Supreme Court determined that given the People's failure to disclose the grand jury minutes until November 23, 2021, the October 2021 COC could not be deemed complete and, therefore, the NRT filed in October 2021 was illusory. Under these circumstances, the court charged the People with 183 days, 2 days over the statutory six-month period, and granted the defendant's motion, in effect, to strike the October 2021 COC and to dismiss the indictment pursuant to CPL 30.30(1)(a).
The People then moved for leave to renew and reargue their opposition to the defendant's motion. In an order dated August 8, 2022, the Supreme Court, in effect, granted leave to renew and reargue and, upon renewal and reargument, adhered to its original determination in the order dated June 15, 2022. The People appeal.
Pursuant to CPL 245.20(1)(b), the People are required to automatically disclose to the defense "all items and information that relate to the subject matter of the case and are in the possession, custody, or control of the prosecution . . . including but not limited to . . . [a]ll transcripts of the testimony of a person who has testified before a grand jury, including but not limited to the defendant or a co-defendant." Once the People have met their automatic discovery obligation under CPL 245.20, the People must file a COC indicating that "after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" (CPL 245.50[1]; see People v James, 229 AD3d 1008, 1009).
"Under the terms of the statute, the key question in determining if a proper COC has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to ascertain the existence of material and information subject to discovery" (People v Bay, 41 NY3d 200, 211 [internal quotation marks omitted]; see CPL 245.20[2]; 245.50[1], [3]). Due diligence "is a familiar and flexible standard that requires the People 'to make reasonable efforts' to comply with statutory directives" (People v Bay, 41 NY3d at 211, quoting People v Bolden, 81 NY2d 146, 155). "An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented" (id. at 212). "Although the relevant factors for assessing due diligence may vary from case to case, courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id.).
"[T]he People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure. If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (id. at 213 [citations omitted]).
Applying these factors, the record demonstrates that the People provided extensive pertinent disclosure to the defendant as early as July 15, 2021 (see People v Macaluso, _____ AD3d _____, 2024 NY Slip Op 04400, *2 [2d Dept]; People v Williams, 224 AD3d 998, 1006-1007). In challenging the October 2021 COC, the defendant only focused on one item, the grand jury minutes. Notably, in the October 2021 COC, the People acknowledged that "this matter has been presented to the Grand Jury," that "no minutes of such testimony are yet available to the People," and that "[t]he People will disclose and make available all Grand Jury Testimony outlined under CPL § 245.20(1)(b) as soon as the transcript of such testimony becomes available" (see People v Williams, 224 AD3d at 1006-1007; People v Brebnor, 83 Misc 3d 1256[A] [Sup Ct, Queens County]). Here, then, the People expressly acknowledged in the October 2021 COC their obligation to provide the grand jury minutes once they obtained the completed transcript, and provided those minutes once they became available (see People v Macaluso, _____ AD3d at _____, 2024 NY Slip Op 04400, *2; People v Williams, 224 AD3d at 1006). Moreover, the record supports the People's explanation that the transcript was not yet completed by the court reporter and could not be shared at the time, and that the People disclosed the transcript within a reasonable time after obtaining it from the court reporter (see People v Deas, 226 AD3d 823, 826; People v Geer, 224 AD3d 1353, 1354).
Therefore, under the circumstances, the People met their burden of establishing that prior to filing the October 2021 COC, they had exercised due diligence and made reasonable inquiries to ascertain the existence of material and information subject to discovery (see CPL 245.50[1]; People v Bay, 41 NY3d at 211; People v Macaluso, _____ AD3d at _____, 2024 NY Slip Op 04400, *2). Since the October 2021 COC was proper and the NRT, therefore, was not illusory, at most, 143 days of chargeable time accrued between the end of the speedy trial toll on May 24, 2021, and the People's filing on October 14, 2021, bringing the People within the six-month speedy trial window applicable in this case.
Accordingly, the Supreme Court, upon renewal and reargument, should have denied the defendant's motion, inter alia, pursuant to CPL 30.30(1)(a) to dismiss the indictment on statutory speedy trial grounds.
In light of our determination, we need not address the People's remaining contentions.
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court