People ex rel. Nieves v Maginley-Liddie (2024 NY Slip Op 05426)

People ex rel. Nieves v Maginley-Liddie

2024 NY Slip Op 05426

Decided on November 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2024-10770

[*1]The People of the State of New York, ex rel. Jose L. Nieves, on behalf of Cristian Taipe, petitioner, 
v
Lynelle Maginley-Liddie, etc., respondent.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, Joseph M. DiPietro, and Dina Hodges of counsel), for respondent.
Jose L. Nieves, Bayside, NY, petitioner pro se.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Cristian Taipe upon his own recognizance or to set reasonable bail pursuant to CPL 30.30(2)(a) upon Queens County Indictment No. 72627/2024.
ADJUDGED that the writ is dismissed, without costs or disbursements.
"Where, as here, a defendant is being held in custody on a felony, the defendant is subject to release if the People are not ready for trial within 'ninety days from the commencement of his or her commitment'" (People ex rel. Hereth v Franchi, 214 AD3d 932, 933, quoting CPL 30.30[2][a]; see People ex rel. Barta v Maginley-Liddie, 227 AD3d 754, 755). "'When making a motion pursuant to CPL 30.30(2)(a) to be released on bail or his or her own recognizance, a defendant who has been committed to the custody of the sheriff has the initial burden of demonstrating, by sworn allegations of fact, that there has been an inexcusable delay beyond the time set forth in the statute. Once a defendant has alleged that more than the statutorily prescribed time has elapsed without a declaration of readiness by the People, the People bear the burden of establishing sufficient excludable delay'" (People ex rel. Barta v Maginley-Liddie, 227 AD3d at 755, quoting People ex rel. Nieves v Molina, 207 AD3d 797, 798; see People v Santos, 68 NY2d 859; People v Berkowitz, 50 NY2d 333, 348-349; People ex rel. Ferro v Brann, 197 AD3d 787, 787). "The People also bear the burden of 'ensur[ing], in the first instance, that the record of the proceedings . . . is sufficiently clear to enable the court considering the . . . CPL 30.30 motion to make an informed decision as to whether the People should be charged with any delay'" (People ex rel. Barta v Maginley-Liddie, 227 AD3d at 755, quoting People ex rel. Nieves v Molina, 207 AD3d at 798; see People v Cortes, 80 NY2d 201, 215-216). "'After the People identify the exclusions on which they intend to rely[,] . . . the defense must identify any legal or factual impediments to the use of these exclusions'" (People ex rel. Barta v Maginley-Liddie, 227 AD3d at 755, quoting People v Henderson, 120 AD3d 1258, 1258, affd 28 NY3d 63).
"'Under the terms of the [discovery] statute, the key question in determining if a proper [certificate of compliance] has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to ascertain the existence of material and information subject to discovery'" (People v Drayton, _____ AD3d _____, _____, 2024 NY Slip Op 05222, *1 [*2][2d Dept], quoting People v Bay, 41 NY3d 200, 211; see CPL 245.20[2]; 245.50[1], [3]). "Due diligence 'is a familiar and flexible standard that requires the People to make reasonable efforts to comply with statutory directives'" (People v Drayton, _____ AD3d at _____, 2024 NY Slip Op 05222, *1, quoting People v Bay, 41 NY3d at 211 [internal quotation marks omitted]). "'An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented'" (Drayton, _____ AD3d at _____, 2024 NY Slip Op 05222, *1, quoting People v Bay, 41 NY3d at 212). "'Although the relevant factors for assessing due diligence may vary from case to case, courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery'" (Drayton, _____ AD3d at_____, 2024 NY Slip Op 05222,*1, quoting People v Bay, 41 NY3d at 212).
Here, despite the petitioner's contentions to the contrary, the certificate of compliance and statement of readiness deemed filed by the Supreme Court on September 13, 2024, was valid and not illusory under the circumstances and, therefore, was sufficient to stop the running of the speedy trial clock as of that date (see People ex rel. Barta v Maginley-Liddie, 227 AD3d at 755). Although the People obtained and disclosed additional materials after September 13, 2024, "'a valid certificate of compliance and readiness declaration will not be rendered illusory by subsequent diligent disclosures made in good faith'" (People v Macaluso, _____ AD3d _____, _____, 2024 NY Slip Op 04400, *2 [2d Dept], quoting People v McCarty, 221 AD3d 1360, 1362). "The record demonstrates that the People 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery,' as evidenced by the extensive, voluminous documents [and police body camera footage] provided to the defendant with the initial certificate of compliance and statement of readiness" (Macaluso, _____ AD3d at _____, 2024 NY Slip Op 04400, *2, quoting CPL 245.50[1]). Although the People engaged in belated discovery disclosures, these disclosures were accompanied by "supplemental certificates of compliance [that] were made in good faith and with due diligence; [and] they were . . . voluntarily provided to the defense once the People were made aware of the existence of the undisclosed material" (Macaluso, _____ AD3d at _____, 2024 NY Slip Op 04400, *2). The record supports the People's explanation that the voluminous nature of the materials at issue was a dominant factor in their ability to identify and obtain missing documents and that they kept the defendant and the court apprised of the missing materials and of their diligent efforts to obtain them.
Therefore, under the circumstances, the People met their burden of establishing that the certificate of compliance deemed filed on September 13, 2024, was proper, and the statement of trial readiness was not illusory. The Supreme Court properly determined that the People were chargeable with less than 90 days of speedy trial time following the defendant's arraignment in bringing the defendant to trial on Queens County Indictment No. 72627/2024 (see CPL 30.30[2][a]).
Accordingly, the petitioner failed to demonstrate entitlement to relief pursuant to CPL 30.30(2)(a).
In addition, the bail determination of the Supreme Court, Queens County, did not violate "constitutional or statutory standards" (People ex rel. Klein v Krueger, 25 NY2d 497, 499; see People ex rel. Rosenthal v Wolfson, 48 NY2d 230).
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court