People v Hernandez (2025 NY Slip Op 51481(U))

[*1]

People v Hernandez

2025 NY Slip Op 51481(U)

Decided on September 17, 2025

Supreme Court, Kings County

Moses, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 17, 2025
Supreme Court, Kings County

The People of the State of New York

against
Francisco Hernandez, Defendant.

Indictment No. IND-72412-25

For the People: Jane Dowling, Esq.
Kings County District Attorney's Office
For Defendant: Michael Teitel, Esq.
The Legal Aid Society

H. Jacob Moses, J.

The defendant is charged under Indictment Number IND-72412-25 with Criminal Possession of a Weapon in the Second Degree and related charges for an incident alleged to have occurred on April 26, 2025. On September 11, 2025, the defendant served and filed a motion to dismiss the indictment pursuant to Criminal Procedure Law (CPL) § 30.30(1). The People opposed the motion on September 16, 2025.
The action commenced on April 27, 2025, when the defendant was charged with Criminal Possession of a Weapon in the Second Degree. "Where, as here, a defendant is being held in custody on a felony, the defendant is subject to release if the People are not ready for trial within 'ninety days from the commencement of his or her commitment' " (People ex rel. Hereth v Franchi, 214 AD3d 932, 933 [2d Dept 2023], quoting CPL § 30.30[2][a]). "When making a motion pursuant to CPL [§] 30.30(2)(a) to be released on bail or his or her own recognizance, a defendant who has been committed to the custody of the sheriff has the initial burden of demonstrating, by sworn allegations of fact, that there has been an inexcusable delay beyond the time set forth in the statute. Once a defendant has alleged that more than the statutorily prescribed time has elapsed without a declaration of readiness by the People, the People bear the burden of establishing sufficient excludable delay" (People ex rel. Nieves v Molina, 207 AD3d 797, 798 [2d Dept 2022] [citation omitted]; see People v Santos, 68 NY2d 859 [1986]; People v Berkowitz, 50 NY2d 333, 348-349 [1980]; People ex rel. Ferro v Brann, 197 AD3d 787, 787 [2d Dept 2021]). The People also bear the burden of "ensur[ing], in the first instance, that the record of the proceedings . . . is sufficiently clear to enable the court considering the . . . CPL [§] 30.30 motion to make an informed decision as to whether the People should be charged with any delay" (People ex rel. Nieves v Molina, 207 AD3d at 798 [internal quotation marks omitted]; see People v Cortes, 80 NY2d 201, 215-16 [1992]). "After the People identify the exclusions on [*2]which they intend to rely[,] . . . the defense must identify any legal or factual impediments to the use of these exclusions" (People v Henderson, 120 AD3d 1258, 1258 [2d Dept 2014] [internal quotation marks omitted], aff'd 28 NY3d 63 [2016]).
The defendant was arraigned on a felony complaint in criminal court on April 27, 2025. The People filed an indictment on May 14, 2025. The case was subsequently adjourned to June 9, 2025 for Supreme Court arraignment. The People served and filed their certificate of compliance and statement of readiness on July 18, 2025. The time period from April 27, 2025 to July 18, 2025 is charged to the People, for a total of 82 days (see CPL §§ 30.30[4], 245.50[3]). The People concede that this time period is chargeable.
On July 29, 2025, off calendar, the defendant filed an omnibus motion, asking for, among other things, inspection of the Grand Jury minutes. This court provided a motion schedule and directed the People to respond by August 13, 2025. The People failed to respond by their deadline. On September 9, 2025, this court reached out to the parties via email and inquired of the People if their response had been filed. The People admitted that they failed to file their response and did so that day. On September 11, 2025, the court again reached out to the parties seeking the Grand Jury minutes in order to render a complete decision pertaining to the defendant's omnibus motion. The People then provided this court with the Grand Jury minutes.
The defendant seeks to have the People charged with the time period from August 13, 2025, when the People's response to the defendant's motion was due, to September 11, 2025, when the People actually fully submitted their response and provided the court with their opposition and the Grand Jury minutes. The People oppose, arguing that the People served and filed a certificate of compliance and statement of readiness as of July 18, 2025, and thus the speedy trial clock pursuant to CPL § 30.30 has stopped. Furthermore, despite the People failing to adhere to the motion schedule, the court was able to render a decision within the adjournment period, and thus, no further delay resulted.
This court disagrees with the People and finds that the time period from August 13, 2025 to September 11, 2025 is chargeable.
In People ex rel. Nieves v Molina, supra, the defendant argued that the People should be charged with their delay in responding to the defendant's omnibus motion. The Court found that the time period was chargeable to People and stated, "because the People did not seek and receive an extension of time to respond to the omnibus motion, or provide any explanation for the delayed response, they are chargeable with the time between the court-imposed deadline to respond to the omnibus motion and the date on which the People actually filed a response" (id. at 798 [internal quotations and citations omitted]).
In People ex rel. Barta v. Maginley-Liddie, 227 AD3d 754 (2d Dept 2024), the Court held that the People, who had filed a certificate of compliance and statement of readiness, were properly subsequently charged with a period of delay in responding to the defendant's pretrial omnibus motion (id. at 755).
Finally, in People ex rel. Nieves v. Maginley-Liddie, 223 AD3d 859 (2d Dept 2024), the Court held that when the People asked for an extension to submit written argument after a hearing, the extended time is excluded. However, the People made their request for an extension one day after their submission was due. The Court found that the People were properly charged one day for failing to make their request for an extension prior to when their original submission date was, but also properly excluded the remaining period of time.
Here, the People did not ask this Court for an extension when they did not meet their [*3]deadline. It was not until this Court inquired of the People if their submission had been filed. At that point, the People admitted they "forgot" to do so and filed their response on September 9, 2025. However, because the defendant sought inspection of the Grand Jury minutes, of which the People consented to, their opposition was not fully submitted to this Court until they provided the Grand Jury minutes on September 11, 2025. Accordingly, the time period from August 13, 2025 to September 11, 2025 is chargeable to the People, for a total of 29 days.
This Court finds that the People are charged with 111 days. Accordingly, the defendant's application for release pursuant to CPL § 30.30(2)(a) is GRANTED.
This is the decision and order of the Court.
So Ordered.
Dated: September 17, 2025
Brooklyn, NY
H. Jacob Moses, A.J.S.C.